UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CRAMER,<br><br>                    Plaintiff,<br><br>    v.<br><br>EVALYN HOROWITZ, et al.,<br><br>                    Defendants. | No.  2:14-cv-1472-TLN-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and a motion for a preliminary injunction.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

III. **Screening Order**

The complaint names Dr. Horowitz, Dr. Smith, Dr. Hawkins, Warden Knipp, and Federal Receiver Clark Kelso as defendants. For the limited purposes of § 1915A screening and liberally construed, the complaint states a potentially cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Horowitz, plaintiff's primary care

physician. *See* ECF No. 1 (alleging that defendant Horowitz was dismissive of plaintiff's repeated complaints of pain following an injury in June 2013, that she reduced and ultimately stopped plaintiff's pain medication based on only "sparse" information suggesting that plaintiff was selling it, and that she really just wanted to limit all inmates to the "basic pain meds").  As discussed below, the complaint fails to state a claim against any of the other named defendants.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates*. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.  He must also plead facts showing how that particular person was involved in the alleged violation.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

3

he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff fails to state a claim against defendants Hawkins, Knipp, or Kelso because he does not include any factual allegations linking them to a violation of a federal constitutional or statutory right.  The alleged supervisory roles of Knipp and Kelso are not a proper basis for liability.  Plaintiff's naming of defendants Knipp and Kelso simply because their positions are "all the way to the top," *see* ECF No. 1 at 7, falls far short of what is required to demonstrate their involvement or personal participation in any constitutional deprivation.

Plaintiff also fails to state a claim against defendant Smith, the Chief Physician and Surgeon at Mule Creek State Prison.  Plaintiff claims that Smith was deliberately indifferent to his medical needs because in responding to plaintiff's administrative appeals complaining of defendant Horowitz's conduct, Smith "sided with his staff" and their choice not to provide diagnostic tests to determine the extent of plaintiff's injury.  Unlike defendant Horowitz, defendant Smith was not plaintiff's primary care physician.  Smith's involvement in plaintiff's care was limited to his review of plaintiff's administrative appeals.  Smith's opinion that his staff had provided plaintiff with proper medical care does not amount to deliberate indifference to plaintiff's medical needs.   Moreover, there are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding

that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on defendant Smith simply because he played a role in processing plaintiff's inmate appeals.

Accordingly, plaintiff may either proceed only on the Eighth Amendment claim against defendant Horowitz or he may amend his complaint to attempt to cure the deficiencies in his claims against the other named defendants. Plaintiff is not obligated to amend his complaint.

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

/////

5

## IV. Motion for Preliminary Injunction

Plaintiff claims that since he was injured during a fight on June 13, 2013, he has experienced "excruciating" pain in his shoulders and neck. ECF No. 2 at 2. He states that on October 21, 2013, a radiologist determined that he "suffered severe degenerative changes in the cervical region on the spine." *Id.* He moves for a preliminary injunction to prevent defendants from interfering with his ability to receive "medical treatment in the form of adequate diagnostic procedures, neck-stability equipment, and surgery (if necessary)." *Id.* at 3. He claims he will suffer irreparable harm "if the injunction is not granted" because there will be "an increase in pain and further injury." *Id.*

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

/////

6

requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff fails to show that he is likely to succeed on the merits. This action is only at the pleading stage and no defendant has been served. The only claim found to be cognizable is the Eighth Amendment claim against defendant Horowitz, and that determination is made on allegations only. There is no evidence presented showing that plaintiff is likely to succeed on the merits of that claim. Nor is there any evidence that plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. While plaintiff claims his pain will increase and he will be further injured, his statement is not sworn and apart from his general belief in this regard, there is no evidence that he will be irreparably injured absent preliminary relief. There is no evidence suggesting that plaintiff is in need of diagnostic testing, a neck stability device, or surgery. Nor is there any evidence that such medical procedures would alleviate plaintiff's alleged pain.

During the course of this action, plaintiff will have the opportunity to conduct discovery and present evidence. Presently, however, plaintiff fails to make a clear showing that he is entitled to the extraordinary remedy of a preliminary injunction. Plaintiff also has not shown that the balance of equities tips in his favor or that the injunction he seeks is in the public interest. Therefore, the court recommends that plaintiff's motion for a preliminary injunction be denied.

**V.  Summary of Order and Recommendation**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 3) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the CDCR filed concurrently herewith.
3. The allegations in the pleading are sufficient at least to state a potentially cognizable Eighth Amendment deliberate indifference to medical needs claim against defendant Horowitz. All remaining defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.

/////

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the June 6, 2014 complaint (ECF No. 1), one USM-285 form and instructions for service of process on defendant Horowitz.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendant Horowitz will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 2) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 9, 2015.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CRAMER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EVALYN HOROWITZ, et al.,<br><br>　　　　Defendants. | No.  2:14-cv-1472-TLN-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

　　　　__1__　　completed summons form
　　　　__1__　　completed forms USM-285
　　　　__2__　　copies of the endorsed June 6, 2014 complaint

Dated:

　　　　　　　　　　　　　　　　　　　_____

9