UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO CRAMER,<br><br>                  Plaintiff,<br><br>       v.<br><br>EVALYN HOROWITZ,<br><br>                  Defendant. | No. 2:14-cv-1472-TLN-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, alleges an Eighth Amendment claim of deliberate indifference to medical needs against defendant Horowitz, his primary care physician. *See* ECF No. 1 (alleging she dismissed repeated complaints of pain, reduced and ultimately stopped pain medication based upon "sparse" information that plaintiff was selling it, and that she really just wanted to limit all inmates to the "basic pain meds"). Horowitz moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 24. For the reasons that follow, it is recommended that the motion be granted in part.

/////
/////
/////
/////
/////

## I.     The Complaint[1]

In June of 2013, plaintiff and another inmate got into a fight, which resulted in an injury to plaintiff's neck and shoulder. ECF No. 1 at 3. Before the fight, plaintiff had endured some measure of pain in his shoulder and arm because of a prior gunshot injury, which caused his hand to "claw." *Id.* at 4, 6. Plaintiff initially dismissed the increased level of pain as stiffness and soreness resulting from the fight, but over the next few weeks, the pain increased. *Id.* at 4. As a result, plaintiff requested medical attention. *Id.* at 3.

Plaintiff was seen by a medical technical assistant ("MTA") on July 22, 2013. *Id.* at 4. The MTA referred plaintiff to defendant Horowitz, who was plaintiff's primary care physician from 2012 to late 2013. *Id.* at 4-5. According to plaintiff, defendant, who knew about plaintiff's pre-existing shoulder injury, initially ignored this referral. *Id.* at 4. Plaintiff alleges that it was only after several weeks had passed and plaintiff filed an administrative appeal that defendant finally saw plaintiff for his complaints of pain. *Id.* Plaintiff further alleges that with nothing more than a "visual observation," defendant told plaintiff to "stop being a crybaby" and that she would "not order any treatment concerning the injury to [plaintiff's] neck and shoulder." *Id.*

On an unspecified date, after plaintiff complained that he "was in a lot of pain" and that his current medication was not helping, defendant lowered plaintiff's dosage and then stopped the medication altogether. *Id.* at 5. About a year before doing so, plaintiff had been accused of "cheeking" his medication and then selling it. *Id.* at 6. When inmates are caught "cheeking" their medications they are subject to disciplinary action and testing to determine whether they are taking their medications as directed. *Id.* Plaintiff tested positive for the correct dosage of his medication and was never disciplined. *Id.* Nevertheless, defendant discontinued plaintiff's medication based upon the mere allegation of "cheeking." *Id.* Defendant also "made it clear" that she intended to cut everyone's medications to "just the basic pain meds." *Id.*

/////

---

[1] This case proceeds on plaintiff's original complaint, which plaintiff signed under penalty of perjury on May 26, 2014. ECF No. 1 at 8. The following statement of facts is based entirely upon the allegations in plaintiff's complaint.

After his medication was discontinued, plaintiff had access to "[M]otrin" and "other non-habit forming medications" for his pain. *Id.* Defendant continued to ignore plaintiff's requests for pain management and treatment. *Id.* As of November 2013, plaintiff had a new primary care physician. *Id.* at 5.

Plaintiff sues defendant in her individual capacity and in her official capacity. *Id.* at 7. He seeks unspecified compensatory and punitive damages. *Id.* at 3.

## II.     Standards

### A.  Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

/////

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. Eighth Amendment Deliberate Indifference**

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi*, 391 F.3d at 1057.

### III.    Analysis

Defendant argues that dismissal is warranted here because: (1) plaintiff's allegations amount to a difference in opinion regarding the treatment he received; (2) defendant is entitled to qualified immunity; and (3) defendant is entitled to immunity in her official capacity. As discussed below, the court finds that plaintiff's factual allegations assert more than a mere difference in opinion and state a proper claim for relief under the Eighth Amendment. In addition, the court finds that defendant is not entitled to qualified immunity. Plaintiff's claims for damages against defendant in her official capacity, however, are barred by the Eleventh Amendment.

Defendant argues that plaintiff "does not identify [a] serious medical need." She further argues that her suspicion of "felony distribution" provided a reasonable basis for her actions and therefore she did not act with conscious disregard to plaintiff's medical needs. ECF No. 24-1 at 5-7. She also claims that plaintiff's allegation that she "ignored" his requests for pain treatment is undercut by his admission that he had access to "non-habit forming" pain medication. *Id.* at 6.

/////

/////

Defendant argues that plaintiff's allegations suggest, at most, that he disagrees with defendant's actions "because she did not prescribe him the type or dose of pain medication that he desired." *Id.* at 5.

According to the complaint, plaintiff experienced "serious pain" in his shoulder, neck, arm and hand as a result of a prior gunshot injury and a prison fight. ECF No. 1 at 3, 5, 7. The pain medication he was given did little to alleviate that pain. *Id.* at 5. After this unspecified pain medication was discontinued, plaintiff was limited to only "[M]otrin" and "other non-habit forming medications." *Id.* at 6. Plaintiff's pain persisted. *Id.* Contrary to defendant's argument, the complaint identifies an objectively serious medical need.

The complaint also alleges more than a disagreement with the type or dose of pain medication that plaintiff received. The complaint alleges that defendant, despite knowing that plaintiff needed pain management, was initially not willing to provide any. If plaintiff allegations are taken as true, as they must be on this motion, defendant initially responded to plaintiff's complaints of pain by calling plaintiff a "crybaby," telling him that she would not provide him with any treatment, and ordering him removed from her office. *Id.* at 4. At some point plaintiff received pain medication for his injury which did not alleviate the pain. Defendant then discontinued it—not according to her medical judgment, but to further an agenda of limiting all inmates to only basic pain medications, and ostensibly because of an old and unsubstantiated allegation that plaintiff had "cheeked" his medication.

Not surprisingly, defendant disputes several of these allegations and argues she was not deliberately indifferent because she reasonably suspected plaintiff of "cheeking" his medications. But the court cannot make that determination at this stage of the proceedings. On this motion, the court must assume plaintiff's allegations to be true. Liberally construed, the complaint alleges that defendant's suspicion was not reasonable, but rather a pretext for discontinuing plaintiff's medication in an effort to limit all inmates to basic pain medications. Moreover, the fact that plaintiff could access basic pain medications does not undermine plaintiff's allegations that defendant ignored plaintiff's requests for an *effective* pain management plan. Contrary to

/////

defendant's argument, the complaint states an Eighth Amendment deliberate indifference claim against her.

According to defendant, an exhibit attached to plaintiff's opposition demonstrates that plaintiff cannot state a claim against her. *See* ECF No. 28 at 3-4 (referring to defendant's own progress notes, attached as an exhibit to plaintiff's opposition). However, plaintiff's attachment of a document as an exhibit to his opposition does not mean that plaintiff has adopted as true all of the statements in the document. *See Franklin v. Dudley*, No. CIV S-07-2259 FCD EFB P, 2009 U.S. Dist. LEXIS 86618, at *7-8 (E.D. Cal. Sept. 22, 2009). Defendant may, at a later stage of the litigation, choose to test the sufficiency of plaintiff's evidence to prove his allegations. But the instant motion is brought under Rule 12(b)(6), which is not the procedure for disputing facts alleged in the complaint. Rather, at this stage in the proceedings, the court must take the factual allegations of the complaint as true and construe them in a light most favorable to the nonmoving party. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). As discussed *supra*, the facts alleged in the complaint are sufficient to state a claim upon which relief may be granted.

Defendant also seeks dismissal base on qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Resolving the defense of qualified immunity involves a two-step process; the court must determine (1) whether the plaintiff has alleged or shown a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Pearson*, 555 U.S. at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001)). "Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right." *Pearson*, 555 U.S. at 232. To be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

1    Defendant argues she is entitled to qualified immunity because (1) she "reasonably
2 believed that her conduct –gradually lowering the dosage for [plaintiff]'s pain medication and
3 then limiting him to Motrin and other medication – was lawful," and (2) plaintiff "admits" that
4 defendant discontinued the medication because she suspected plaintiff of selling it.  ECF No. 24-1
5 at 8.  These arguments rely upon a selective reading of plaintiff's complaint.  The complaint
6 alleges that initially, defendant knowingly ignored plaintiff's complaints of pain and refused to
7 provide any treatment.  When plaintiff later complained that the pain medication he received was
8 ineffective, defendant allegedly responded by reducing the medication and then discontinuing it
9 altogether.  Contrary to defendant's assertion, plaintiff has not admitted that defendant's conduct
10 was genuinely motivated by a suspicion that he was selling his medication.  After noting that
11 defendant "cut" plaintiff's medication "on the sparse documented allegation of cheeking," the
12 complaint alleges that defendant "made it clear . . . she intended to cut everyones [sic]
13 medications to just the basic pain meds" and that she had "several complaints levied against her
14 for cutting or discontinuing medications needed by prisoners for sever[e] pain issues."  ECF No. 1
15 at 6.  As noted, the complaint suggests that defendant actually discontinued plaintiff's medication
16 in an effort to limit all inmates to basic pain medications.  That defendant disputes these
17 allegations does not entitle her to dismissal under Rule 12(b)(6).  Whether evidence will support
18 plaintiff's assertions or defendant's is a question for later proceedings.  On this motion, the court
19 must take as true plaintiff's allegations, which are sufficient to allege a violation of a clearly
20 established constitutional right.

21    Lastly, defendant argues she is entitled to Eleventh Amendment immunity from plaintiff's
22 monetary damages claim brought against her in her official capacity.  Claims for damages against
23 the state, its agencies or its officers for actions performed in their official capacities are barred
24 under the Eleventh Amendment, unless the state waives its immunity.  *Kentucky v. Graham*, 473
25 U.S. 159, 169 (1985); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)
26 (neither a state nor its officials acting in their official capacities are persons under § 1983).
27 Section 1983 does not abrogate the states' Eleventh Amendment immunity from suit.  *See Quern*
28 *v. Jordan*, 440 U.S. 332, 344-45 (1979).  *See also Hafer v. Melo*, 502 U.S. 21, 30 (1991)

(clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities).  Accordingly, plaintiff's claims for damages against the defendant in her official capacity are barred by the Eleventh Amendment and must be dismissed.

### IV.     Recommendation

For the reasons stated above, IT IS RECOMMENDED that defendant's motion to dismiss (ECF No. 24) be granted as to plaintiff's damages claim against defendant in her official capacity and denied in all other respects.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE